MYCALEX CORPORATION OF AMERICA, PLAINTIFF, v. CONDENSER SERVICE AND ENGINEERING CO., INC., A CORPORATION, DEFENDANT.

Argued May 4, 1948—Decided June 1, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the plaintiff, *Aubrey J. Elias.*

For the defendant, *Major & Carlsen (James A. Major).*

The opinion of the court was delivered by

BODINE, J. This is an application for a change of venue. Plaintiff is a New York corporation authorized to do business in this state. It has a place of business at Clifton, Passaic County, New Jersey. The defendant is a domestic corporation. Its principal place of business is in Hoboken, Hudson County, New Jersey, where it was served with process in this case. The venue was laid in Passaic County.

The question posed is, should it be changed to Hudson County? We think not.

The cause of action arose in this state. It is a transitory action. It arose by reason of the alleged breach by the defendant of its contract to repair one of plaintiff's machines. In *Starke Advertising Agency* v. *Adams,* 74 *N. J. L.* 143, it did not appear where the cause of action arose. In *Delaware, Lackawanna and Western Railroad Co.* v. *New Jersey Ice Co.,* 65 *Id.* 524, the cause of action arose in New York. The defendant being a domestic corporation it was held that the venue should be laid in the county where its principal office and its agent to receive process were located.

The action being transitory may be tried, at the discretion of the court, in the county where the cause of action arose. *R. S.* 2:27–19. There is nothing shown to us why the action should be tried in Hudson County, save that this was the county where the defendant has its principal office. Process was well served.

Chief Justice Hornblower said in *Bell* v. *Morris Canal, &c.,* 15 *N. J. L.* 63, 64: "* * * in actions merely transitory, the venue may be laid, at the discretion of the plaintiff— 1st, in the county in which the cause of action arose; (and that without any regard to the residence of the plaintiff or defendant, whether in or out of the state;)."

The rule will be discharged, with costs.